UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Charles E. Turner, Sr.,

       Plaintiff,

vs.                                       REPORT AND RECOMMENDATION

Pennington County,
Polk County, and
Lino Lakes Corr. MCI,

       Defendants.                  Civ. No. 05-1186 (JNE/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the application of Plaintiff Charles E. Turner, Sr., for leave to proceed in forma pauperis, ("IFP"). Docket No. 2. For the reasons which follow, we recommend that the Plaintiff's IFP application be denied, and that the action be summarily dismissed.

I. <u>Factual and Procedural Background</u>

The substantive allegations of the Plaintiff's Complaint, repeated verbatim and in their entirety, provide as follows:

> Pennington County Nine False Charges and sent to prison to steal my wife and I two (2) boy sence [sic] 97-98 school year. Lino Lakes received false papers from Pennington County, Polk County followed up on the treet [sic] that I would never see my (2) two boys if I didn't drop my appeal. And also in the cover up. And I was not the primary care giver I lived over (5) five hundred miles away.

<u>Complaint</u>, at p. 3, §IV "Statement of Claim."

There are several documents attached to the Complaint that shed some additional light on the Plaintiff's claims. Those documents disclose that an action was brought against the Plaintiff, in the Minnesota State District Court for Polk County, for the purpose of terminating his parental rights over his two sons. One of the documents, which is attached to the Complaint, is an Order dated May 27, 2005, which legally terminates the Plaintiff's parental rights.[1]

---

[1] The Termination of Parental Rights Order is accompanied by a Memorandum that explains the State Court's ruling. According to that Memorandum, the Plaintiff abused his sons, and their mother, so badly that the children developed "selective mutism," meaning that they would not speak outside of their home.

The Plaintiff is presently attempting to sue two Minnesota Counties -- Polk and Pennington.[2] The caption of his Complaint states that he is bringing this action under Title 42 U.S.C. §1983, which suggests that he is seeking relief for some alleged violation of his Federal constitutional rights. The Plaintiff describes the remedy he is seeking in this matter as follows:

> I want my name cleared, my two (2) boys back and to be compensated for my time, and my wife, our two (2) boys, and all this has costed [sic] us. Thank you?

Id., at p. 4, §V.

With the foregoing as a backdrop, we proceed to consider the Plaintiff's IFP application.

### III. Discussion

An IFP application will be denied and the action dismissed when a plaintiff has filed a pleading that is "frivolous," or when it fails to state a claim on which relief may

---

[2] A party identified only as "Lino Lakes Corr. MCI" is listed as an "additional defendant" in the section of the Complaint labeled "Parties," Complaint, at p. 3, § III, and the Clerk of Court, apparently giving the Plaintiff's pleading the benefit of liberal construction, has listed "Lino Lakes Corr. MCI" as a party of record. The party, however, is not named in the caption of the Plaintiff's pleading and, more importantly, there is nothing in the Complaint to suggest that "Lino Lakes" did anything other than allegedly "receive[ ] false papers from Pennington County." Thus, even if the Plaintiff intends to sue "Lino Lakes Corr. MCI," he certainly has not pled any actionable claim against that party.

be granted.  Title 28 U.S.C. §1915(e)(2)(B)(i) and (ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996).³  In this case, the Court finds that, even with the benefit of an indulgent construction, the Plaintiff's Complaint fails to state a legally cognizable cause of action.

To state a cause of action under Title 42 U.S.C. §1983, as Plaintiff apparently is attempting to do here, the complainant must allege facts showing that the named defendants violated his constitutional rights while acting under color of State law. West v. Atkins, 487 U.S. 42, 48 (1988).  To state an actionable Section 1983 claim against a **municipal** defendant, a plaintiff must further plead that his or her constitutional rights were violated as a result of (i) some **policy or custom** adopted by the municipal defendant, or (ii) a clearly identifiable lack of adequate training by the municipal defendant. City of Canton v. Harris, 489 U.S. 378, 386-87 (1989).  Furthermore, the

---

³Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996))("the PLRA").  It replaces Section 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989)(holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact").  Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, provides for dismissal of IFP cases not only where the complaint is "frivolous," but also where it "fails to state a claim on which relief may be granted."  See, Title 28 U.S.C. §§1915(e)(2)(B)(i), and (e)(2)(B)(ii).

plaintiff must set forth more than conclusory allegations to support a claim of municipal liability; there must be factual allegations describing the **specific** policy or custom, or the **specific** nature of the alleged training deficiency, on which the claim is based.  See, Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) (plurality opinion)(an actionable policy or custom, or failure to train, cannot be inferred from a single instance of unconstitutional activity); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").

Here, the Plaintiff's claims against Defendants Pennington County, and Polk County, are not based on any specifically identifiable County policies or customs, or failure to train.  Indeed, the Plaintiff has made no attempt to explain what either County, **itself**, allegedly did, or failed to do, that could be viewed as a violation of any of his Federal constitutional rights.[4]

---

[4]The Plaintiff may be attempting to hold the Defendants legally responsible for allegedly unconstitutional acts or omissions by their employees, but it is well-settled that municipal employers cannot be held vicariously liable for civil rights violations allegedly committed by their employees or subordinates, because the doctrine of respondeat superior does not apply to §1983 claims.  Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).  Therefore, the Plaintiff cannot sue either Polk County, or Pennington County, under Section 1983 based solely on allegations of
(continued...)

Since the Plaintiff's Complaint does not include any allegations showing that either of the named Defendants violated his constitutional rights, he has failed to plead an actionable claim for relief under Section 1983. Furthermore, after carefully examining all of the Plaintiff's submissions, the Court finds that the Plaintiff has not pled any facts that could possibly support **any** cause of action against the named Defendants -- or anyone else.[5] Accordingly, we recommend that the Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to Section 1915(e)(2)(B)(ii).

---

[4](...continued)
unconstitutional misconduct by their agents or employees.

[5] It appears that the Plaintiff's true objective in bringing this action was to overturn the Termination of Parental Rights Order that was entered against him in the State District Court for Polk County. Such relief, however, is clearly barred by the Rooker-Feldman doctrine, which holds that, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." Lemonds v. St. Louis County, 222 F.3d 488, 492-93 (8th Cir. 2000), cert. denied, 531 U.S. 1183 (2001); see also, Exxon Mobil Corp. v. Saudi Basic Industries Corporation, 125 S.Ct. 1521-22 (2005)(Rooker-Feldman bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [Federal] district court proceedings commenced and inviting district court review and rejection of those judgments"); In re Goetzman, 91 F.3d 1173, 1177 (8th Cir.)("Under the Rooker-Feldman doctrine, lower federal courts lack jurisdiction to engage in appellate review of state court determinations"), cert. denied, 519 U.S. 1042 (1996). If, indeed, the Plaintiff is attempting to challenge the Termination of Parental Rights Order, or any other State Court Order, then his lawsuit is plainly barred by the Rooker-Feldman doctrine.

NOW, THEREFORE, It is –

RECOMMENDED:

1. That the Plaintiff's Application to Proceed In Forma Pauperis [Docket No. 2] be denied.

2. That the Plaintiff's Complaint be summarily dismissed pursuant to Title 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: June 22, 2005          s/Raymond L. Erickson
                              Raymond L. Erickson
                              UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by no later than **July 11, 2005**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this

procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 11, 2005**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.